# Mankey, Appellant, *v.* Stocking.

*Insolvency—Bond—Capias—Estoppel—Acts of June* 16, 1836, *P. L.* 729, *and June* 4, 1901, *P. L.* 404.

Where a capias ad satisfaciendum is issued on a judgment for slander, and the defendant with the knowledge and consent of the plaintiff's counsel enters the bond as provided by the Act of June 16, 1836, P. L. 729, to take the benefit of the insolvency laws, and not the bond as provided by the Act of June 4, 1901, P. L. 404, and subsequently takes the benefits of the act of 1836 by proceedings in court in the presence of, and without the objection of plaintiff's counsel, the plaintiff cannot thereafter maintain a suit against the surety on the bond on the ground that the act of 1901 had repealed the act of 1836, and that the proceedings in court were wholly null and void. If such proceedings were void the bond also was void, and no suit could be maintained upon it.

Argued Oct. 21, 1905.   Appeal, No. 191, Oct. T., 1905, by plaintiff, from order of C. P. Washington Co., Feb. T., 1905, No. 101, refusing rule for judgment for want of a sufficient affidavit of defense in case of Grace Mankey v. H. L. Stocking and James S. Stocking.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

McILVAINE, P. J., filed the following opinion:

On January 24, 1904, the plaintiff in this case in an action of slander in this court obtained a judgment for $6,200 against H. L. Stocking.

On June 28, 1904, the said H. L. Stocking having been arrested on a capias ad satisfaciendum issued on this judgment secured his temporary release by giving to Grace Mankey, the plaintiff, a bond in the sum of $10,000 with James S. Stocking as surety.   This bond was approved by the prothonotary and filed to the number and term to which the writ of capias ad satisfaciendum was docketed.   After its approval the prothonotary gave the sheriff a written notice to discharge the defendant, " as he has filed a bond sec. leg."   The condition of this bond was " that if the said H. L. Stocking shall appear at the next term of the court of common pleas of said county and then and there present his petition for the benefit of the insolvent laws of this commonwealth and comply with all the requirements of said law and abide all the orders of the said court in that behalf, or in default thereof and if he fail in obtaining his discharge as an insolvent debtor he shall surrender himself to the jail of the said county, then this obligation to be void, otherwise of force."

" The insolvent laws of the commonwealth " at the date of the execution of this bond were found either in the enactments of an Act of assembly approved June 16, 1836, P. L. 729, or in an Act of assembly approved June 4, 1901, P. L. 404.   The act of June 4, 1901, in sec. 42 provides, among other things, for the repeal of the Act of June 16, 1836, P. L. 729 (except secs. 42, 43, 44 and 45, none of which related to the matter now before this court).   The Congress of the United States in the

year 1898 enacted a bankrupt law in which provision for the discharge of insolvents is made, and it is still in force.

By reason of the doubt existing as to whether the act of 1901 would become operative so long as the national bankrupt law of 1898 remained on the statute books (see Potts v. Smith Mfg. Co., 25 Pa. Superior Ct. 206), the defendant, H. L. Stocking, evidently gave a bond under and containing the conditions provided for in the act of 1836, and this must have been done with the knowledge and consent of the plaintiff's attorney who objected to a previous bond offered because not given to the plaintiff as provided in the act of 1836. H. L. Stocking in giving a bond and in attempting to comply with the conditions of this bond, to wit : " that he should appear at the next term of the court of common pleas of said county and then and there present his petition for the benefit of ' the insolvent laws of the commonwealth,' " had necessarily to determine before he acted what then were " the insolvent laws of the commonwealth," and the form of the bond agreed upon after consultation with the plaintiff's counsel clearly indicates that the parties treated the act of 1901 as inoperative, for if they had thought it was operative then they would have treated the act of 1836 as having been repealed and the form of the bond would have been different and it would have been given under the direction of the court as is provided for by the fifth section of the act of 1901.

H. L. Stocking, in accordance with the expressed condition of his bond, appeared at the next term of the court of common pleas (August term) and on August 15 (the first day of the term) presented his petition praying for the benefit of the insolvent laws of the commonwealth as provided in the act of 1836. The court adjudging the petition to be in proper form entertained jurisdiction of its subject-matter (evidently under the act of 1836) and made the following order : " And now, August 15, 1904, the within petition presented in open court and directed to be filed, and Monday, September 19, next, at ten o'clock fixed as the time for hearing the same in open court, fifteen days' notice of the time and place of hearing to be given by the petitioner to his creditors." Notice of this hearing was given Grace Mankey by handing to her attorney,—who had issued the capias and who had objected to the first bond and had

required another bond,—a copy of this order of the court. On September 19, 1904, none of the creditors of H. L. Stocking (all of whom had been served with notice) entered an appearance, and on September 20, 1904, on motion of the attorney of H. L. Stocking made in open court, the court, after asking if there was any one present who objected, made the following order on the said H. L. Stocking's petition : " And now, September 20, 1904, this case came on for further hearing and thereupon it is ordered and decreed that the said H. L. Stocking is hereby discharged from further liability for or on account of the capias issued at No. ——— term, 1904. That the said H. L. Stocking shall not at any time hereafter be liable to imprisonment by reason of any judgment or decree obtained for the payment of money contracted, accrued or occasioned and due before the date of this order." The attorney for the writ of capias was present when this order was made and offered no objection to its being made, neither did he appear nor in any way express his consent to such an order being made. It can be fairly inferred from the suit that was afterwards brought on the bond and the statement that has been filed, that he was silent because he was willing for the defendant in the capias to bring about conditions, as he thought, that would forfeit the bond of the defendant, which would be more benefit to his client than to prevent his discharge and secure his surrender to the custody of the sheriff again.

On December 19, 1904, suit was brought by Grace Mankey on the bond given on June 28, 1904, and the statement filed by her attorneys avers that there has been a breach of the condition of the bond in that the said petition of H. L. Stocking presented to the court of common pleas and all proceedings thereon are absolutely null and void, and that the surety on said bond of the said H. L. Stocking is liable for the penal sum of said bond because the requisitions of the Act of assembly of June 4, 1901, P. L. 404, had not been complied with.

The surety on said bond appeared and filed an affidavit of defense and avers in substance, first, that H. L. Stocking was discharged by this court and that thereby the conditions of his bond were satisfied ; second, that the bond, if taken as given under the act of 1901, is void in toto as it contains conditions different than those required by that act ; that it was taken for

the use of the plaintiff alone and not all of the defendant's creditors and was not taken under the direction of the court; third, that the act of 1901 was not in force when the bond was given by reason of the existence of the national bankrupt act of 1898.

The plaintiff now moves for judgment for want of a sufficient affidavit of defense. The facts in this case are not disputed and the whole defense can be summed up by saying that the plaintiff's statement fails to show a good cause of action.

To our minds it is evident that the bond in this case was filed under the provisions of the act of June 16, 1836, and as the plaintiff's counsel wanted the bond taken in the name of the plaintiff and not the commonwealth and made no suggestion that the court ought to fix the security, he evidently acquiesced in the filing of such a bond and the temporary discharge of the defendant by order of the prothonotary. The first question then that suggests itself is this : Can the plaintiff now claim that all the steps taken by H. L. Stocking under that bond are void because not in accordance with the provision of the act of 1901 and still the bond be good against the surety? To make the claim that all the proceedings taken by the defendant should have been under the act of 1901, is the counsel not in danger of being "hoisted by his own petard?" If the act of 1836 as to the manner that the insolvent is to proceed is no longer in force, is it in force as to the form of the bond and the manner in which it is to be given? and if not, is not the bond given by the defendant just as null and void as any other step that he took in the proceeding to be relieved from imprisonment? It cannot be pretented under all the facts of the case as they are made to appear in the affidavit of claim and the affidavit of defense that the bond given was "the security for his appearance, surrender and compliance with the decrees of the court and the requirements of the act of 1901 such as the court might deem requisite." The court never saw the bond, it never deemed $10,000 the required sum in which the bond should be given or that James S. Stocking was a good and sufficient surety. We are therefore of the opinion that the plaintiff cannot blow hot and cold. If the proceedings taken by H. L. Stocking under the act of 1836 to be relieved from arrest as an insolvent are void because taken under that act and not under the act of

1901, then they are wholly void, which would include the giving of the bond as given, and if the bond is void then no recovery can be had on it.  I know there is a class of cases which are authority for the contention than an obligor of a bond given in a proceeding of this kind cannot be relieved from his obligation because of a slight difference between the condition in his bond voluntarily given and that required by an act of assembly or on account of some irregularity for which he is wholly responsible.  But that is not the case at bar.  The bond filed by H. L. Stocking now sued upon was taken in the name of the plaintiff, as provided in the act of 1836, at the suggestion of her counsel who objected to the first bond because it was taken in the name of the commonwealth, and the face of the bond itself and the circumstances under which it was given was notice to the counsel for the plaintiff that the bond was not the one required by the fifth section of the act of 1901; he knew or should have known that H. L. Stocking's counsel were acting under the act of 1836 and treating the act of 1901 as inoperative, and he at least passively acquiesced in the action taken by Stocking to obtain not only his temporary but his final discharge.  In other words, the bond in question when given (and as understood by both the obligee and obligors) meant by the words, to wit:—" the insolvent laws of the commonwealth" and " with all the requisition of said laws,"—the act of 1836 and not the act of 1901.  If then the defendant complied with the conditions of his bond by complying with " all the requisitions of the act of 1836 " and was discharged by the court as an insolvent debtor, how can the plaintiff aver a breach of the condition of the bond because he did not comply with the requisitions of the act of 1901 and say that what he did in complying with the conditions of the bond given under and to comply with the terms of the act of 1836 is " wholly null and void," without also saying that the bond which was given to compel him either to do what he did or pay $10,000 is also void?  The facts before us certainly make a very different case from those cited in the very exhaustive and able brief of the plaintiff's counsel to show that a bond given by an applicant for the benefits of the insolvent laws of the commonwealth is often held to be valid even though it may not strictly conform to the requirements of the law as to the manner of giving it or in its

conditions.   We are therefore of the opinion that if the act of 1836 was repealed and the act of 1901 was in force when the bond was given and "all proceedings thereon" taken by the court at the instance of the defendant in his endeavor to comply with the conditions of the bond "are absolutely null and void" then the said bond was also wholly null and void and the prothonotary's direction to the sheriff to discharge the defendant unauthorized because he had not "given a bond 'sec. leg.'" and the plaintiff's remedy was either against the Prothonotary for directing the discharge of the defendant until he had given a bond sec. leg. or to appear and resist the final discharge of the defendant and secure his surrender to the sheriff or to issue an alias capias ad satisfaciendum.

This brings us to the consideration of another question and that is the order of discharge made by the court on September 20, 1904.   It is certain that the court is given jurisdiction to discharge an insolvent debtor who may have been arrested on a capias ad satisfaciendum, and this is so under both the act of 1836 and the act of 1901; and it had jurisdiction to determine at the date of the hearing whether the act of 1901 was inoperative by reason of the national bankrupt act of Congress passed in 1898 and the act of 1836 still in force; and although no opinion is filed it must be taken that the court duly considered all questions involved and after having done so found that the defendant had complied with the requirements necessary to entitle him to a discharge and thereupon discharged him. If the bond was valid and binding on the defendant, it certainly was the duty of the court on September 20, 1904, to determine whether he had so fully complied with the conditions thereof as to entitle him to a final discharge from imprisonment on the capias or whether his failure to comply with these conditions was such that he ought (to avoid paying the penalty of his bond) surrender himself to the custody of the sheriff to again meet the demands of the capias ad satisfaciendum.   The court said, "you have complied with the conditions of your bond; you can go and you need not surrender yourself to the sheriff." The plaintiff now wants the penalty of the bond because the plaintiff did not surrender himself to the sheriff,—a thing the court in legal effect told him he need not do.

The plaintiff's counsel who issued the capias had full notice

that this decree would be asked for, was present in court when it was made and has never taken exceptions to the same nor an appeal therefrom.    If the decree was simply voidable or reversible, that fact can be adjudged only on appeal or certiorari and cannot be set up here.    If, on the other hand, the decree was wholly null and void and all the defendant did to secure his discharge from the grip of the capias was done without authority of law, and this case comes under the class of cases of which Tenan v. Kane, 188 Pa. 242, cited by counsel, and Insurance Co. v. Tenan, 204 Pa. 332, are examples, then as we have already said everything that the defendant did under the act of 1836 was wholly null and void, including the giving of the bond which he gave to the plaintiff, and the plaintiff cannot recover for the breach of a bond that is wholly void.    Suit on the bond under such circumstances would not be his remedy. It would be to take a new start and issue an alias capias.    In other words, if the plaintiff would issue an alias capias on this judgment and the defendant would set up the decree of September 20, 1904, as a bar against a second arrest, the plaintiff could reply that the bond and all proceedings thereon were wholly void (not voidable or reversible) and if the court found this to be so and made such a decree as was made in Ins. Co. v. Tenan, 204 Pa. 332, then the defendant would have to give a proper bond and pursue the proper proceeding de novo to be discharged.    In saying this we do not want to be taken as indicating that the court thinks the decree of September 20, 1904, wholly void.    We were simply assuming that what the plaintiff claims as to this decree under the authority of Tenan v. Kane was correct, and then suggesting the result on certain contingencies.    Our opinion, however, is that the decree of September 20, 1904, at most is only reversible by a higher court on appeal on account of error of judgment committed by the court below and not on account of such a total want of jurisdiction in the court below as would make its decree "void and of no legal effect," as was the judgment in the case of Tenan v. Cain, 188 Pa. 242, and Ins. Co. v. Tenan, 204 Pa. 332.

And now, July 12, 1905, rule for judgment for want of a sufficient affidavit of defense, discharged.

*Error assigned* was the order of the court.

*R. W. Irwin*, of *Irwin & Morgan*, with him *L. R. Boyd*, for appellant, cited : Farmers' Bank of Reading v. Boyer, 16 S. & R. 48 ; Horton v. Miller, 38 Pa. 270 ; McDonough's Case, 37 Pa. 275 ; Egbert v. Darr, 3 W. & S. 517 ; Wells v. Bentley, 3 Pa. 324 ; Stroop v. Gross, 1 W. & S. 139 ; Wright v. Keyes, 103 Pa. 567 ; Beacom v. Holmes, 13 S. & R. 190 ; Lease v. Asper, 2 Rawle, 182 ; Haines v. Levin, 51 Pa. 412 ; Slutter v. Kirkendall, 100 Pa. 307 ; Wolfram v. Strickhouser, 1 W. & S. 379 ; Detwiler v. Casselberry, 5 W. & S. 179 ; Greenwaldt v. Kraus, 148 Pa. 517 ; Frick v. Kitchen, 4 W. & S. 30 ; Stout v. Quinn, 9 Pa. Superior Ct. 179.

*James I. Brownson*, with him *John W. Donnan*, *A. M. Todd* and *J. A. Wiley*, for appellee.—The decree which the court makes granting or refusing the discharge is conclusive in a suit on the bond, and conclusively establishes the fact that the insolvent complied with the requirements of law so as to entitle him to a discharge : Sheets v. Hawk, 14 S. & R. 173 ; Frick v. Kitchen, 4 W. & S. 30 ; Lincoln v. Williams, 12 S. & R. 105 ; Heilner v. Bast, 1 P. & N. 267 ; Lease v. Asper, 2 Rawle, 183 ; McGovern v. Hoesback, 53 Pa. 176 ; Shriver v. Commonwealth, 2 Rawle, 206 ; Gallagher v. Kenedy, 2 Rawle, 163.

PER CURIAM, January 2, 1906 :
Judgment affirmed on the opinion of the court below.