## Reuter, Appellant, *v.* Moskovitz.

*Principal and surety—Insolvent's bond — Unenforceable bond — Act of June 4, 1901, P. L. 404—Insolvent laws.*

A surety on a bond given to secure the discharge of an insolvent, under the Act of June 4, 1901, P. L. 404, cannot be held liable where it appears that the bond was not in form provided by the act, that it disclosed no promise to pay money, that it was given for the use of the plaintiff alone, and that its conditions were absolutely unenforceable.

Argued Oct. 11, 1916.   Appeal, No. 370, Oct. T., 1915, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., June T., 1911, No. 1422, for defendant n. o. v. in case of Erland Reuter, a minor by his next friend and father, G. Frederick E. Reuter, and G. Frederick E. Reuter v. Max Moskovitz.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit on an insolvent's bond.   Before MARTIN, J.

From the record it appeared that plaintiffs recovered a verdict in an action of trespass against Samuel Zusen. A ca. sa. was issued and Zusen was arrested.   He presented a petition under the 5th Section of the Act of June 4, 1901, P. L. 404, for a rule to show cause why he should not be discharged from arrest.

The bond entered was in the following form:

"I, Max Moskovitz, 530 Tasker street, am held in the

sum of five hundred dollars ($500) to be levied of my goods and chattels, lands and tenements, to the use of the plaintiff: upon this condition: that if the above-named· defendant, Samuel Zusen, shall appear and. shall surrender on April 9, 1914, at 10 a. m. in C. P. No. 5 and for compliance with the decree of the court and act of assembly in such case made and provided, which if he fails so to do, I undertake to do it for him.

"MAX MOSKOVITZ (Seal)."
"Taken and acknowledged this 30th day of March, A. D. 1914.

"R. F. CLAY, *Dep. Prothy.*"

Verdict for plaintiff for $526.66. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Richard T. McSorley,* for appellant.—The bond was sufficient: Lease v. Asper, 2 Rawle 182; Goodrich v. Tracy, 3 P. & W. 64.

*Wm. F. Berkowitz,* with him *Samuel W. Salus,* for appellee.—The bond was unenforceable: McKee v. Stannard, 14 S. & R. 379; Mankey v. Stocking, 213 Pa. 299.

OPINION BY KEPHART, J., December 18, 1916:

A surety on a bond, given to secure the discharge of an insolvent, under the Act of June 4, 1901, P. L. 404, should not be held liable beyond the precise terms of his undertaking, and it should not be extended by implication or intendment. It is limited by the condition of the bond. Under the insolvent Act of 1836, the bond should conform to the essential requirements of the act: McKee v. Stannard, 14 S. & R. 379. And this is so with respect to the Act of 1901.

The bond in this case was not in the form as provided by the act of assembly, and its condition was absolutely

unenforceable. Its terms disclose no promise to pay money. The formal words of a bond for the payment of money, required by the act and at common law, were omitted, and it was given for the use of the plaintiff, while the act requires that "recovery may be had thereon by the assignee for the benefit of all creditors of the insolvent." The condition of the bond that in case the defendant there named should not comply with the decree of the court and the act of assembly, the surety "would undertake to do it for him," merely emphasizes its absurdity, inasmuch as the defendant was directed to undergo imprisonment for sixty days. It could not be considered a bond given under the Act of 1836, and if the attempt was to enforce collection under that act, it would be of no avail: Mankey v. Stocking, 213 Pa. 299.

The assignments of error are overruled, and the judgment of the court below is affirmed.