## Commonwealth, to use, v. Globe Indemnity Co.

*Elmer D. Loose*, for plaintiff.

*S. L. Gilson*, for defendant.

HIRT, J., March 5, 1935.—This case is before the court on statutory demurrer.

Garner D. Palmer, the use-plaintiff, in his statement, alleges that Edward F. Shugart, justice of the

peace, in 1933 received from him certain securities to be converted into cash, the proceeds to be used for the payment of certain bad checks which were the subject of a criminal prosecution. Shugart sold the securities, paid the losses of the holders of the checks and the costs of the criminal proceeding, and died on October 22, 1933, insolvent, having failed to pay Palmer $150, the balance of the fund remaining in his hands after making good Palmer's checks. This action is brought against the defendant indemnity company, surety on Shugart's bond, to recover that amount. The condition of the bond is that "if the said Edward F. Shugart shall and does faithfully apply all moneys that shall come into his hands as a justice of the peace . . . then this obligation to be void and of no effect or else to be and remain in full force and virtue."

In receiving the securities from Palmer and in converting them into cash, and in paying losses to the holders of Palmer's checks, Shugart was not acting in any official capacity, and inasmuch as liability on the bond is limited to the faithful application of moneys coming into his hands as a justice of the peace, defendant is not liable for losses following these extra-official acts and plaintiff cannot recover. The general rule is that the liability of both principal and sureties on an official bond must be measured by the terms of the instrument: Reuter v. Moskovitz, 65 Pa. Superior Ct. 229. The bond must receive a reasonable construction and if there has been no violation of official duty there has been no breach of the condition for which the sureties can be required to account. It follows, necessarily, that for receiving and failing to account for money which it was not the official duty of the justice to receive, the sureties cannot be held responsible: Commonwealth v. Kendig, 2 Pa. 448; 35 C. J. 479.

And now, to wit, March 5, 1935, defendant's statutory demurrer is sustained and judgment is directed to be entered in favor of defendant.