# Fox *against* Mensch.

A bond executed on Sunday is not void at common law, but by reason of the statute; the fact, therefore, must be specially pleaded or notice given of it: it cannot be taken advantage of under the plea of *non est factum.*

A sale of real estate by an administrator in pursuance of an order of the Orphans' Court, is a judicial sale, to which the rule of ʺ *caveat emptor*ʺ applies, and no defence can be made to the payment of the purchase money on the ground of defect of title.

ADAM MENSCH against Henry Fox. This was an action of debt on bond given for the purchase money of a tract of land sold and conveyed to the defendant by the plaintiff as the administrator of Henry Leisir, deceased, by an order of the Orphans' Court. The defendant pleaded *non est factum* and payment with leave to give the special matter in evidence; and having been required to give notice of the special matter, furnished the following:—

" Under the pleadings in this case, the defendant will offer evi-

[Fox v. Mensch.]

dence on the trial that the plaintiff, as administrator, offered for sale, and sold the tract of land for which the above bond was given, as the estate of Henry Leisir, deceased, and that possession would be given at the delivery of the deed, or on the first of April ensuing the sale of said tract of land. Whereas the said Henry Leisir had only the reversionary interest in said estate—and no possession could be given during the life of the tenant for life—and that the tenant for life was then and is still living, and in possession of said estate.

" That the said plaintiff did not comply with the condition of said sale; and that he induced the defendant to execute the bond on which the above suit is brought, by promising to deliver him possession of said premises."

On the trial the defendant offered to prove that the bond on which suit was brought was executed on Sunday; to which the plaintiff objected, on the ground that no notice was given of it: and the court rejected the evidence.

He then offered evidence of the facts stated in the notice of special matter, which the court rejected, on the ground of its being no defence if true.

BANKS, President, directed a verdict for the plaintiff.

*Hoffman,* for plaintiff in error, argued that the plea of *non est factum* involved the legal execution of the bond, and there was no necessity of any other notice to the plaintiff; and if executed on Sunday, it was clearly void. 6 *Watts* 231. The application of the rule of *caveat emptor* does not forbid the defence offered in this case, which was to prove a fraud on the part of the administrator by which he obtained the defendant's bond. 7 *Watts* 552.

*Smith, contra,* on the first point, argued that the matter offered to affect the validity of the bond was collateral, and notice should have been given of it by a special plea, or at least under the plea of payment. 1 *Rawle* 308; 2 *Binn.* 154; 1 *Chit. Pl.* 480.

The defence, of which notice was given, was that the title was defective; and it is clearly settled that such defence cannot be made against the payment of the purchase money of a judicial sale of land. 3 *Watts* 490; 6 *Watts* 148; 4 *Watts* 251; 8 *Watts* 416; 16 *Serg. & Rawle* 371.

The opinion of the Court was delivered by

SERGEANT, J.—This case comes before us on bills of exception to evidence.

The first, second, and third bills raise the question, whether the defendant was entitled to go into evidence that the bond was given on Sunday, and was therefore void. A defence of this kind is one which, without previous notice, the plaintiff would be so little likely to anticipate or provide for, that he was entitled to the full

benefit of every legal objection to the admission of it. It is clear that the defendant could not go into it under his plea of payment with leave to give the special matter in evidence, because he had omitted it in his notice given on that plea, and relied upon other matters. But he contends that it was admissible under the plea of *non est factum*, because the effect of the evidence was to render the bond void. On this subject the rule is that the defendant may give in evidence under the plea of *non est factum*, that the deed was void at common law *ab initio*, as that it was obtained by fraud, or made by a married woman or lunatic; but matters which show that the deed was void by statute, must, in general, be pleaded. 1 *Chitt. Plead.* 480. The only question, therefore, is, whether a bond executed in this State on Sunday, is void at common law, or by statutory enactment. In *Morgan* v. *Richards*, (1 *P. A. Browne's Rep.* 173), Judge Rush intimated that a contract made on Sunday was void at common law. But in the case of *Kepner* v. *Keefer*, (6 *Watts* 231), the point underwent a careful examination in this court, and the result was, that at common law an instrument executed on Sunday was good; and that its invalidity was a consequence of the provisions of the Act of Assembly of the 22d April 1794. It follows that the evidence offered was not admissible under the plea of *non est factum*. The opinion of the court below, therefore, overruling the defendant's evidence, was correct.

The defendant showed that this bond was given on account of the purchase money of land sold by order of the Orphans' Court, to the defendant, at public sale, as the estate of Henry Leisir deceased, which sale had been regularly confirmed by the Orphans' Court. He then offered evidence to show that the administrator Mensch induced him to buy, by representing that possession would be given to him on the 1st of April following the sale, whereas Henry Leisir had only a reversionary interest, and no possession could be obtained during the life of the tenant for life, who was still living and in possession. It is to be observed that the property was expressly sold as the right, title and interest of Henry Leisir; and the title would seem, as far as we can judge from the record, to have been truly described in the proceedings in the Orphans' Court. It is now settled that the administrator's sale is a judicial sale, and that it is not competent to the purchaser to object to the payment of the purchase money on the ground of insufficiency of title. *Caveat emptor* is the rule in such cases. One designing to buy must employ the usual means of knowledge from records, wills and otherwise; and if he chooses to purchase, he does so at his own risk. The administrator is like the sheriff, and does not war-rant the title; nor is he authorized to do so; nor does the Orphans' Court, in ordering a· sale. If the purchaser has a complaint, he ought to make it to the Orphans' Court before confirmation. Nor are the representations of the administrator to the purchaser, in relation to the property, relevant. As is said in *Bashore* v. *Whis-*

*ler*, (3 *Watts* 490), it was the folly of the purchaser to repose confidence in his opinion or promise. He is the agent of the law, acting in a prescribed path, and any representations out of that are beyond the scope of his authority, and the representatives of the deceased are not bound by it.

The remaining bill of exceptions is to the rejection by the court below of Samuel Moyer as a witness for the defendant. His evidence went to the same points which have been already considered, and was, therefore, properly overruled.

Judgment affirmed.