## COMMONWEALTH v. KENDIG.

A bond is not perfected until delivery; hence, a mere signing on Sunday does not render it void, if not delivered until the day following.

Whether an official bond, signed on Sunday, is void as to parties to be thereby protected, being strangers to the breach of the law; Query.

Surety of justice liable for all moneys received by him on suits or claims to be put in suit or on execution, or received from a constable on execution; but not for any thing received on claims to be collected as an agent, and without suit.

Acknowledgments of principal, evidence against the surety, unless there be proof of combination.

ERROR to the District Court of Lancaster county.

May 14.—This was an action, on an official bond, against a justice of the peace and his surety, in which suggestions of breaches were made, by non-payment of moneys collected by defendant, as justice

of the peace, for the three parties to whose use the action was brought.

On the trial, plaintiffs proved that Kendig (the justice) brought the bond to house of the surety, where it was signed on Sunday, having been previously executed by himself. It was received and filed by the prothonotary on a subsequent day, after approval. The evidence was objected to, but admitted.

They then proved defendant exercised the office until a short time before suit brought, when he resgined.

They then proved a notice to produce the docket of the justice, and an attachment against Kendig as a witness, judgment by default having been previously taken.

Plaintiffs then offered a paper, purporting to be a bill of costs, collected by Kendig for one of the plaintiffs, a constable, signed by him after resignation of his office. It was objected to, but admitted. Next, a paper signed by the same, stating a suit by one of the present plaintiffs, judgment, execution, and a payment to defendant, by the defendant there, of part of the debt, and by the constable of the balance; this was objected to, and admitted. The next was a certificate by him of accounts put into his hands, and collected by him, as justice of the peace, for the third of the present plaintiffs. The objection to this was, that the claims had never been in suit, and hence the surety was not bound. The surety, defendant, proved these admissions were recently obtained from Kendig when in infirm health; and then proved his resignation of his office was occasioned by a petition for his removal for intemperance, signed by defendant, his surety, and showed a letter to the surety from Kendig, telling him if he did not pay the money collected by him, he would confess judgment.

The defendant presented seven points to the court : That the surety was not liable for moneys received by the justice before judgment, or on claims without suit, or for money paid on execution, or received from the constable on execution, or for constable's costs. If the admissions were procured by exciting his displeasure against his surety for his petition, &c., in order to charge the surety, he being insolvent, it was fraudulent. The bond being executed by the surety on Sunday, was void as to him. Neither the docket nor transcripts being produced, nor evidence that they could not be, there was no legal evidence of the claims. The court (Hayes, President) told the jury, the surety was liable for all moneys received in suits before the justice, but not for claims which were to be collected by him without suit, and were so collected; also for the costs. If the money was due, there was no fraud in procuring the admissions of the fact. If the

bond, though signed on Sunday, was not delivered to the prothonotary nor approved by the judge until Monday, and the prothonotary and plaintiffs were not informed of the fact of signing on Sunday, it was valid. The evidence produced was legal evidence.

The evidence admitted, and the answers of the court, were the errors assigned.

*Parke*, for plaintiff in error.—Suit brought against Kendig, a newly elected justice of the peace, and Good, his surety, on the official bond of the former; the bond was signed by the surety on Sunday. The question is, is the bond void at common law, or by statutory enactment? 3 Smith's Laws, 177; Sunday Act, 1 Bin. 117, 118; 4 Serg. & Rawle, 159; 1 Br. Rep. 171; Kepner *v.* Keefer, 6 Watts, 231; Hollman *v.* Johnson, Cowp. Rep. 343; Fox *v.* Mensel, 3 Watts & Serg. 446. The official bonds of justices of the peace are to be taken by the prothonotary, Pamph. Laws, 1839, 378. In this case, the prothonotary deputed Kendig to take it. The taking is the execution of the bond; the prothonotary took it by another. The bond was therefore taken by the prothonotary on Sunday, and is void and invalid by statute.

The surety is not liable for money received by a justice upon claims, before judgment obtained; or upon executions issued; nor for claims collected without suit; nor for money not collected by him as a justice of the peace.

A justice of the peace is not entitled to fees for collecting money without suit; he is considered as a mere private collector. The surety is only liable for the acts of the justice as such; but not where he receives or collects money unofficially, or in a private capacity.

There was no legal evidence before the jury, against the surety, of the claims set forth in the declaration. The docket should have been produced, or certified transcripts therefrom.

*Stevens*, for defendant in error.—The bond was dated the 8th day of May, (Saturday,) 1841, and signed by Daniel Good, the surety, on the 9th day of May, Sunday. It was not, however, approved by the judge until Monday, the 10th day of May; nor delivered to the prothonotary until the 5th day of June, 1841. The bond took effect from the delivery, and it was but an escrow until delivered to the prothonotary, who received it for the Commonwealth, and filed it. Neither the plaintiffs nor the prothonotary knew any thing of its having been signed by Good on Sunday. They had no participation in having it signed on that day. It was the surety's own act; the bond is his,

and good and valid for the use of the plaintiffs. The surety cannot take advantage of his own unlawful act.

The plaintiffs only sought to recover the amount of the moneys collected by suit, or collected or received by the justice, without suit, in his official capacity. Of the claims, thus collected or received, there was legal evidence; and the court very properly left it to the jury, to take it for what it was worth.

There is no error, therefore, in the answer of the court to the defendants' seventh point, in which they say that there was legal evidence of the claims set forth in the declaration, without the production of the dockets, or certified transcripts therefrom.

*May* 20. ROGERS, J.—This is an action on an official bond, taken in pursuance of the sixth section of the act of the 21st of June, 1839, at the suit of the Commonwealth, for the use, &c., against John Kendig, a justice of the peace, and his surety, Daniel Good. Pleas, non est factum, and payment.

The bond was signed by Kendig on Saturday, and by Good on Sunday, but was not delivered to the prothonotary until the Monday following.

Under the construction given to the act of the 22d of April, 1794, which prohibits, under a penalty, any worldly employment or business whatever on Sunday, it is decided in Kepner v. Keefer, 6 Watts, 231, that a contract entered into on that day is void. And in Fox v. Mensch, 3 Watts & Serg. 446, a bond actually made on Sunday is ruled to be void. But when was this bond executed? Certainly not until it was delivered, for delivery is of the essence of a deed. It takes effect only from execution on delivery, and, until delivery, it is of no further value than the paper on which it is written. The business began on Saturday, was continued on Sunday, and finally completed on Monday. Now, although this exposes the parties to the penalty imposed by the act, yet it does not avoid the bond, for the statute cannot destroy that which had no existence. But, granting that the bond was signed and delivered on Sunday, yet I am by no means satisfied that it is void, as against those who are injured by the official misconduct of the justice. They are innocent parties, and ought not to be affected by the folly or turpitude of the prothonotary and obligors. Such a construction of the act would enable the obligors to take advantage of their own wrong, as against persons who cannot, by any possibility, protect themselves. When both parties are in default, as in the cases ruled, there is a propriety in holding the bond void.

A penalty in such a case amounts to a prohibition; but we cannot

perceive the justice, on any principle of policy, which requires that the same result should follow when the effect is to deprive of all remedy those who are and cannot be in any default whatsoever. It may be executed on Sunday by design, for the express purpose of shielding themselves from responsibility in case of necessity, and thus enable them to commit a fraud. The intention of the legislature will be obtained by imposing a penalty on the guilty party, without avoiding the bond. General principles must not be so applied as to work injustice to the innocent.

The affirmation of some general principles will dispose of most of the errors assigned.

Under the proper construction of the act of the 21st of June, 1839, the surety in the official bond is liable for the faithful application of all moneys and costs received, which came into the hands of the justice as a justice, in suits brought on claims before him. But if it should appear (of which the jury must judge) that no suit was brought, and that the claims were put into his hands to collect as agent merely, it is otherwise. But when put into his hands as a justice, the surety is liable, notwithstanding the money is paid without suit. The money being received in his official capacity, the liability is incurred. The object of requiring bond with surety is to protect the rights of suitors, and that should receive a liberal construction. The principles are plain, as well from the spirit as the letter of the act. The sixth section of the act provides that the bond shall be taken by the prothonotary, in the name of the Commonwealth, with conditions for the faithful application of all moneys that come into his hands, as an officer; and such bond shall be held in trust, for the benefit of all persons who may sustain injury from the justice or alderman in his official capacity.

If, therefore, the money be received by the justice as justice, the surety is liable, whether received before or after suit brought.

It is said the court erred in admitting in evidence the papers with the signature of John Kendig, the justice, without producing the docket or a transcript of the docket of the justice. But the suit is against both justice and surety, and surely the acknowledgment of the justice in writing is prima facie evidence against himself and surety. If there was a combination between the justice and plaintiff, which has been insinuated, but not proved, it was a matter for remark to the jury, but cannot be allowed as a reason for excluding the testimony.

Judgment affirmed.