Hilton *v.* Houghton.

---

HILTON *versus* HOUGHTON *& al.*

By R. S. c. 160, § 26 and 28, a penalty is incurred for doing " any work, labor or business" on the Lord's day, and before sun-setting ; works of necessity or charity excepted.

To sign and deliver a promissory note upon the Lord's day, before sun-setting, is a violation of the statute ; and a note so signed and delivered is therefore of no validity.

But by the signing of such a note on the Lord's day, and before sun-setting, its validity is not impaired, if it be not delivered on that day.

ON REPORT from *Nisi Prius,* TENNEY, J., presiding.

ASSUMPSIT, on a promissory note, dated Oct. 22d, 1848, and made to the plaintiff, by Chester Houghton, as principal, and by the other defendants as sureties.

A note corresponding with the declaration was offered by the plaintiff, and in connection with the deposition of one Metcalf, was read to the jury.

It appeared *that,* on the morning of the day of the date of the note, it being the Lord's day, the plaintiff sent for Chester Houghton, to call upon him, " that they might settle up their business;"—*that* Chester accordingly went to see the plaintiff;—*that,* afterwards on that day, about the middle of the afternoon, Chester went to the house of one Crosby, carrying with him the note now in suit, having the sureties' names upon it;—*that* he there put his own name upon it, above the names of the sureties, in the presence of Crosby, who then wrote his name upon it, as subscribing witness;—*that,* neither the plaintiff or either of the sureties was present; —*that* afterwards, upon some week day, Chester Houghton, in the absence of the sureties, delivered the note to the plain-

tiff, who then gave up to him a note, held by the plaintiff against Chester, upon which there were no sureties.

Two objections were taken to a recovery upon the note ; — 1st, that it was made on the Lord's day, and before sunset of that day.

2d, that the attestation of Crosby was a material alteration of the note, by which its validity was defeated.

The case was submitted to the Court, with jury powers as to inferences of fact.

*John S. Abbott*, for the plaintiff.

*Webster*, for the defendants.

SHEPLEY, C. J. — The suit is upon a promissory note made by defendants, and payable to plaintiff.

The first objection made to a recovery, is, that it was made on the Lord's day.

It appears to have been written and the defendants' names to have been subscribed to it on that day, when the plaintiff was not present, and to have been *afterwards delivered to him* on a week- day, when he delivered up another note in exchange for it.

The statute, c. 160, § 26, declares it to be unlawful to " do any work, labor or business" on the Lord's·day.

The note did not become a valid contract or a part of the business transaction until it was delivered. The plaintiff does not appear to have been a party to the execution of it on the Lord's day. The objection cannot prevail. *Bloxsome* v. *Williams*, 3 B. & C. 232.

Another objection is, that a material alteration has been made in the note since it was executed.

It appears to have been written and to have been subscribed by the two sureties, and to have been taken by the principal to the house of the attesting witness, where it was subscribed by the principal and by the attesting witness, at his request, in the absence of the sureties.

There was no alteration of the note after it became a valid contract, by delivery to the plaintiff. In this, and in other

respects, the facts are quite different from those proved in the case of *Brackett* v. *Mountfort*, 2 Fairf. 115. The note cannot be regarded as invalid on account of a material alteration, for it is now, so far as it respects the principal, in the same state in which he caused it to be made.

The attestation of the witness not having been limited by him to the signature of the principal, would be applicable, apparently to all the signatures. The fact, that it was not made to all of them, might be proved, and their contract would not be affected by that attestation.

Their right to be protected by the statute of limitations, would remain the same.

The declarations of the principal defendant, respecting his reason for having the note made on the Lord's day, and respecting illegal interest, are not receivable as evidence.

*Defendants defaulted.*

WELLS, HOWARD, RICE and HATHAWAY, J. J., concurred.