15303.  BRAY *v.* COMER MERCANTILE COMPANY.

"It is permissible to show that a promissory note, signed by one or more persons and apparently complete, is not in fact complete, by reason of the fact that it has never been delivered from one party to the other as a finally completed contract, but that it was simply left in the possession of the payee until some additional person should sign it before it should become a completed contract." The court erred in striking paragraph 5 of the defendant's plea.  It alleged a condition precedent to the note becoming an enforceable obligation, and evidence should have been permitted to go to the jury on this question.

DECIDED OCTOBER 7, 1924.

Complaint; from Madison superior court—Judge W. L. Hodges.  November 23, 1923.

Comer Mercantile Company brought suit against Sol. B. Bray on two promissory notes.  One was for the principal sum of $199.00, and recited that "this note is given to cover the balance of J. M. Patterson 1918 account."  The other was for the principal sum of $793.92, and recited that it was for "value received," and made no reference to J. M. Patterson.  Both notes called for interest and attorney's fees.  They were signed by the defendant only.  The defendant filed a plea, the 5th paragraph of which, so far as pertinent here, is as follows: "Further answering, this defendant says that said notes were signed conditionally, and were not to be binding against this defendant until certain conditions were complied with; that said conditions have not been complied with, and said notes are not, therefore, binding upon this defendant.  Said

notes were given for an account due by John M. Patten, and not for any debt or obligation that this defendant had contracted with plaintiff; that defendant only agreed to sign said note on condition that Maud Patten Hix and Buford Patten should sign same, and said note was to be delivered to defendant, and not to be a binding obligation against defendant, unless said other parties signed said note; that plaintiffs failed to comply with the agreement, and this defendant is not bound." The defendant filed an amendment to his plea, the first paragraph of which is as follows: "That he signed the $793.92 note conditionally if same were not correct same to be corrected, that same is incorrect and should be for $230.74 with interest 4/26/18." The plaintiff moved to strike paragraph 5 of the original plea and paragraph 1 of the amendment set out above, and the motion was sustained. To this ruling the defendant excepted pendente lite, and he assigns error thereon in the bill of exceptions. The case went to trial on the remaining issue, and a verdict was rendered in favor of the plaintiff. The defendant filed a motion for a new trial, on the general grounds, and an amendment thereto, alleging error on the striking of paragraph 5 of his original plea and answer. Upon the overruling of the motion for a new trial he excepted.

Clarence E. Adams, for plaintiff in error.

Berry T. Moseley, contra.

BLOODWORTH, J. (After stating the foregoing facts.) The only point insisted upon in the brief of counsel for the plaintiff in error is the alleged error in striking paragraph 5 of the plea. The special ground of the motion for a new trial complaining of the striking of this paragraph cannot be considered, since "a ruling of the court in striking a plea cannot be made the ground of a motion for a new trial." Wilkinson v. State, 18 Ga. App. 330 (1) (89 S. E. 460), and cases cited. However, exceptions pendente lite having been filed to the striking of this paragraph, the question is properly raised by an assignment of error in the bill of exceptions.

We think the court erred in striking paragraph 5 of the plea. Where a written, unambiguous contract has been executed and delivered, as contemplated in law, parol or extrinsic evidence of a prior or contemporaneous oral agreement should not, generally, be admitted, unless reference to the oral agreement is made in the

written contract. But a full conception of the words "as contemplated in.law," as here applied, is necessary to a complete comprehension of the rule as above stated. A mere manual or physical delivery of a written contract is not necessarily a delivery as contemplated in law. To make the delivery one contemplated in law, it must be accompanied by an intention to make it an enforceable obligation. As quoted with approval by Justice Fish in the case of *Reese* v. *Fidelity Mutual Life Asso.*, 111 *Ga.* 486 (36 S. E. 637), "While actual or manual delivery is not indispensable to the delivery of a note, still it must appear that the maker, in some way, exercised an intention to make it an enforceable obligation against himself according to its terms, by surrendering control over it and intentionally placing it under the control of the payee, or of some third person for his use." And in the case of *Hansford* v. *Freeman,* 99 *Ga.* 379 (27 S. E. 706), Justice Atkinson said: "By delivery is to be understood, not the mere manual tradition of the paper by the maker to another, but such a delivery accompanied with a present purpose to invest the payee with the right, upon its maturity, to demand its payment."

While "it is not permissible to show by parol that a note was delivered to the payee as a completed contract, but upon a promise upon his part that he would subsequently secure the signature of another person thereto, where the writing is silent as to any such promise on the payee's part," still "it is permissible to show that a promissory note, signed by one or more persons and apparently complete, is not in fact complete, by reason of the fact that it has never been delivered from one party to the other as a finally completed contract, but that it was simply left in the possession of the payee until some additional person should sign it before it should become a completed contract." *Pidcock* v. *Crouch,* 7 *Ga. App.* 299 (1) (66 S. E. 971). The distinction between these rules is that in the first instance the execution and delivery of the note is in fact complete, and is in no way dependent upon a fulfillment of the contemporaneous promise of the payee to secure another signature to the note. In the second instance the securing of another signature is a condition precedent to the completion and to the binding force of the written contract.

In this case, while the note is in the manual possession

of the payee, it was placed in his possession with the understanding and agreement that it was not to become binding until the other signature was secured; and until such signature was secured there was no legal delivery of the instrument. In the case of *Heitmann* v. *Commercial Bank,* 6 *Ga. App.* 584 (65 S. E. 590), Judge Russell marshalled many decisions and dealt at much length with this question. See the second division of the opinion, pages 590 to 600 inclusive. In that opinion he said, "Ordinarily, however, there can be no doubt that parol or other extrinsic evidence is admissible to show that a writing bearing every earmark of a complete and perfect contract is not in fact a contract at all, because of the non-performance of a condition precedent as to which the contract is silent. . . Accordingly it may be shown by extrinsic evidence that the writing involved is not a valid or enforceable legal obligation, for the reason that it does not possess finality of utterance; that there never has been an agreement that the writing is a completed and finally-uttered embodiment of all the terms of a contract presently operative and binding." Judge Russell then illustrated the principle by quoting from or discussing numerous decisions, the substance of which is that generally parol evidence is admissible to show that an ordinary promissory note, or other written contract, executed and physically delivered to the payee, was delivered on condition that it was not to become binding until signed by some other person or persons, or until the happening of some event, and that this is true even though the written instrument is silent as to such condition precedent. See also headnote 3, p. 584.

Of course, what has been said applies only as between the original parties. A bona fide transferee or innocent holder of a note which has not matured, which is apparently complete on its face, and which bears no reference to any condition precedent to be performed, would not be defeated in the collection of the note because of the non-performance by the original payee of a condition precedent to its validity. As between an innocent purchaser for value and the maker of such a note, the maker must suffer, because he put it in the power of the payee to place the note in circulation. "When one of two innocent persons must suffer by the act of a third person, he who puts it in the power of the third person to inflict the injury

must bear the loss." *Hancock* v. *Empire Cotton Oil Co.*, 17 *Ga. App.* 184 (86 S. E. 434).

Be it understood that nothing herein infringes upon or beclouds the so-called parol-evidence rule. We recognize the importance of a strict adherence to and enforcement of this rule, especially in this day when negotiable instruments are used in business transactions as freely as currency. Admitting parol evidence to show the non-performance of a condition precedent to the validity of a written contract is not varying the terms of a written contract by extrinsic evidence, for the simple reason that it shows that, because of the non-performance of the condition precedent, there is no contract in existence, and that therefore there is nothing to which to apply the excluding rule. Evidence as to a condition precedent, or an event which is to take place before a proposed contract is to become valid, does not vary the terms of the contract, but rather shows whether or not there is such a contract in existence. As stated in the *Heitmann* case, supra (p. 591), "The so-called parol-evidence rule presupposes the existence of a valid contract; and on the question of whether or not a contract is in existence or has been created, generally parol or other evidence dehors the writing is always competent and legal."

In the light of the foregoing decisions we now come to the exact question in this case, which, briefly stated, is: Did the stricken plea allege a condition precedent? We think it did. As shown by the foregoing statement of facts the stricken plea alleged "that said notes were signed conditionally and were *not to be binding* against this defendant *until certain conditions were complied with;* that said conditions have *not been complied with, and said notes are not therefore binding upon this defendant,*" and further alleged the conditions. Under the facts of this case and the authorities cited, this was an allegation of a condition precedent, and the plea should have been allowed to stand, in order that evidence on the question could have been submitted to the jury.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*