JACKSON CITY BANK & TRUST CO. *v.* STERNBURG.

1. PLEADING—STATEMENT UNDER OATH—GENUINENESS OF SIGNATURE —ADMISSION.

   Statement in answer denying liability under oath of one sought to be charged on a guaranty agreement that his signature was affixed thereto on a particular Sunday *held,* to be an admission of genuineness of the signature and to relieve plaintiff from making proof of such fact (2 Comp. Laws 1929, § 9078).

2. EVIDENCE—DATES—PRESUMPTION OF EXECUTION.

   An instrument dated on a secular day is presumed to have been executed on that date.

3. EXECUTORS AND ADMINISTRATORS—PRIMA FACIE CASE—LANDLORD
   AND TENANT—GUARANTY OF RENT—MOTION FOR JUDGMENT.

   In action by administrator *de bonis non* of estate of lessor
   against lessee and one who gave a limited guarantee of pay-
   ment of the rent, where plaintiff established a *prima facie* case
   on guaranty instrument, the denial of guarantor's motion for
   judgment at close of plaintiff's case was not error.

4. GUARANTY—DELIVERY—SUNDAY.

   Instrument attached to lease guaranteeing payment of rent which
   was signed in duplicate by guarantor on Sunday and returned
   to lessor by guarantor on that day and signed by lessor and
   lessee on following Thursday and delivery then made of dupli-
   cates to respective parties *held*, to effect a binding delivery on
   guarantor when executed and delivered by principal parties
   thereto.

5. CONTRACTS—DELIVERY—INTENT.

   To make delivery of an instrument legal, it must be accompanied
   by an intention to make it an enforceable obligation.

6. SAME—DELIVERY OF UNCOMPLETED INSTRUMENT.
   Delivery of an uncompleted instrument is ineffective.

7. EVIDENCE—PRESUMPTIONS—INTRODUCTION OF TESTIMONY.

   In action by administrator *de bonis non* of lessor's estate against
   lessee and one who guaranteed payment of rent by guaranty
   agreement executed on Sunday, presumption that delivery was
   effected on date of lease and presumption it was delivered on
   Sunday when executed *held*, to cease to be controlling and to
   have no probative force after introduction of testimony to
   overcome such presumptions.

8. SUNDAY—GUARANTY—EXECUTION—DELIVERY.

   Guarantor who executed instrument attached to a lease and
   guaranteeing payment of rent thereunder, on a Sunday and
   who knew execution of lease on a subsequent day was contem-
   plated *held*, bound by lease principals thereto executed and
   delivered on a subsequent secular date (2 Comp. Laws 1929,
   § 9078).

9. APPEAL AND ERROR—EXCLUSION OF TESTIMONY—MATTERS EQUALLY
   WITHIN KNOWLEDGE OF DECEASED.

   Exclusion of testimony of lessee in action, tried without a jury,
   by administrator *de bonis non* of lessor's estate against lessee
   and one who guaranteed payment of rent under the lease,

which testimony was included in record pursuant to Court Rule
No. 37, § 11 (1933), is not considered on appeal by guarantor
where court is of opinion that if it were admissible as not
being equally within knowledge of deceased lessor, it would not
defeat plaintiff's recovery (3 Comp. Laws 1929, § 14219).

10. GUARANTY—LACHES—WAIVER OF NOTICE.
   Under guaranty instrument waiving notice or proof of demand
   of payment of rent guaranteed, defense of laches because
   guarantor was not notified until after lessee was in arrears on
   rent for year or more and at that time lessee was able and
   willing to have secured guarantor against loss had guarantor
   requested *held*, not available for laches short of statute of limi-
   tations.

Appeal from Jackson; Williams (Benjamin), J.
Submitted June 24, 1937. (Docket No. 87, Calendar
No. 39,583.) Decided September 1, 1937.

Assumpsit by Jackson City Bank & Trust Com-
pany, administrator *de bonis non* of the estate of
William E. Adams, deceased, against Charles F.
Sternburg and A. A. Northquist on a lease and guar-
anty agreement. From judgment for plaintiff, de-
fendant Northquist appeals. Affirmed.

*Leslie & Denton,* for plaintiff.

*Starr & Starr (Gerard L. Van Wesep,* of counsel),
for defendant Northquist.

NORTH, J. Plaintiff herein is the administrator
*de bonis non* of the estate of William Adams, de-
ceased. Unless otherwise indicated we will herein
refer to William Adams as plaintiff or appellee. In
May, 1927, plaintiff, the owner of hotel property in
the city of Jackson, entered into a 99-year lease of
this property with defendant Charles F. Sternburg.
Defendant Northquist signed an instrument attached
to the lease by the terms of which he promised and

agreed to pay accrued rentals in case of default of the lessee, such liability on the part of Northquist being limited to $10,000. The lessee defaulted in making payments of accruing instalments of rent. This suit in assumpsit was brought against him and the defendant Northquist for the collection of such accrued rentals to the extent of their respective liabilities. After hearing the case without a jury, the circuit judge entered judgment against Sternburg in the amount of $14,197.82 and against Northquist for $10,000. The latter has appealed.

Appellant denies his liability on the ground that the instrument guaranteeing payments of the rent was signed by him on Sunday, May 1, 1927. His denial under oath of liability on this instrument contains the following:

"That the original of said alleged guaranty agreement was not signed or executed by deponent on the 5th day of May, 1927, as indicated therein, but was, as a matter of fact, signed and executed by deponent on a certain Sunday, to-wit: May 1, 1927."

At the close of plaintiff's proofs appellant's counsel moved for an entry of judgment of no cause of action on the ground that there was no proof of the execution of the guaranty instrument. On the other hand appellee took the position that the above quoted sworn statement of appellant was an admission that the signature on the instrument was that of appellant. The trial judge so held, and such holding was correct so far as genuineness of signature was concerned. The only fair and reasonable construction to be placed upon or meaning to be obtained from appellant's sworn statement is that while he actually signed the instrument he did so on Sunday. Further it repeatedly appears from Northquist's answer to

the declaration that he signed the guaranty agreement. We quote one of such admissions:

"Further answering said paragraph X, this defendant affirmatively alleges the facts to be, that on a certain Sunday, to-wit: May 1, 1927, he * * * affixed his signature to certain papers and documents which were then otherwise unsigned, undated and unacknowledged; that the papers to which he then and there on said Sunday so affixed his signature were the original and duplicate copies of the alleged guaranty agreement."

Thus the genuineness of his signature is admitted by him, and plaintiff was not required to make proof of that fact. The instrument was dated on a secular day; and when produced by plaintiff was presumed to have been executed on that date. *Maybury v. Berkery,* 102 Mich. 126; *McQuillan v. Eckerson,* 178 Mich. 281. Plaintiff established a *prima facie* case, and the trial judge was right in denying appellant's motion for judgment at the close of plaintiff's proofs.

The important issue for determination is whether the guaranty instrument was both signed *and delivered* on Sunday and is therefore invalid. The circuit judge in final determination of this case held that because the instrument was dated on a secular day, May 5, 1927, the presumption was that it was delivered on that date, and there being no proof to rebut such presumption, he decided as a matter of fact the instrument was delivered on Thursday, May 5, 1927, and not on the day it was signed, Sunday, May 1, 1927. Appellant contends the circuit judge was in error in so holding; and that instead it should have been held, under this record, that the instrument on which appellant was found liable was shown to have been signed *and delivered* on Sunday

and, therefore, it was void under the statute. 2 Comp. Laws 1929, § 9078.

The circumstances surrounding the execution of this guaranty agreement are somewhat unusual. In part it provided as follows:

"And if any default shall at any time be made therein, I do hereby promise and agree to pay to the lessors named in said instrument, the said rent and arrears thereof that may be due, and fully satisfy the condition of said instrument, all damages that may occur by reason of the nonfulfillment thereof, without requiring notice or proof of the demand being made."

The guaranty undertaking was added at the end of the lease, being written on the last page thereof. The testimony shows that before any other signatures were attached to the lease, appellant called upon the lessor on Sunday, May 1, 1927, signed the agreement in duplicate, and returned the papers to hands of appellee. The duplicate leases to which the guaranty was attached were not signed by plaintiff as lessor or by the lessee until the following Thursday. It was then signed in duplicate and delivery made to the respective parties but appellant was not present. Since the instrument was not signed by the other parties thereto at the time appellant affixed his signature, it is almost a necessary inference that so far as appellant was concerned it was understood delivery was to be made at the time the lease was finally executed and delivered as between the principal parties thereto. Prior to the execution by the principal parties there was nothing for which appellant could become obligated. In a legal sense delivery such as to make the instrument binding upon him was not made and could not have been made

until the lease was executed and delivered by the principal parties thereto.

"A mere manual or physical delivery of a written contract is not necessarily a delivery as contemplated in law. To make the delivery one contemplated in law, it must be accompanied by an intention to make it an enforceable obligation." *Bray* v. *Comer Mercantile Co.,* 32 Ga. App. 746 (124 S. E. 817).

"Delivery of an uncompleted instrument is ineffective. * * * As was pertinently stated by the court in *Fitzkee* v. *Hoeflin,* 187 Ill. App. 514: 'It is necessary that the instrument should be understood by the parties to be complete and ready for delivery, in order to have a mere placing it in the hands of the grantee construed into a delivery.' The term 'delivery' has been held to mean, in legal phraseology, 'the final absolute transfer to the grantee of a complete legal instrument sealed by the grantor, covenantor or obligor.' *Black* v. *Shreve,* 13 N. J. Eq. 455." *Nelson* v. *Davenport,* 86 Mont. 1 (281 Pac. 537).

"Also, that a bond is not 'executed' until delivery; therefore, although signed and sealed on Sunday, yet, if not delivered until a succeeding secular day, it is valid." *State* v. *Young* (syllabus), 23 Minn. 551.

"It is also well settled that if some steps are taken toward the execution of a contract on the Sabbath day, but it is not fully consummated until a secular day, such contract is not in contravention of the statute. *Beitenman's Appeal,* 55 Pa. 183; *Merrill* v. *Downs,* 41 N. H. 72; *State* v. *Young,* 23 Minn. 551; *Prather* v. *Harlan,* 6 Bush (Ky.), 185; *Commonwealth* v. *Kendig,* 2 Pa. 448." *City of Evansville* v. *Morris,* 87 Ind. 269 (44 Am. Rep. 763).

Execution of the instrument by appellant on Sunday would not relieve him of liability if, as we hold, delivery of the instrument was not contemplated on that day and in fact was not in a legal sense made until a subsequent secular day. Under such circumstances the validity and binding effect of the instrument should be held to be, the same as though the obligee had no notice that the obligor had signed on Sunday. In such a case this court has said:

"It has been held that a note is not impaired on account of being signed on Sunday if it be not delivered on that day. *Hilton* v. *Houghton,* 35 Me. 143; *Lovejoy* v. *Whipple,* 18 Vt. 379 (46 Am. Dec. 157); *Commonwealth* v. *Kendig,* 2 Pa. 448; *Clough* v. *Davis,* 9 N. H. 500; *Hill* v. *Dunham,* 7 Gray (73 Mass.), 543; *Adams* v. *Gay,* 19 Vt. 358. See, also, *Stackpole* v. *Symonds,* 23 N. H. 229; and *Vinton* v. *Peck,* 14 Mich. 287." *Hall* v. *Parker,* 37 Mich. 590 (26 Am. Rep. 540).

See, also, *Michigan Bankers' Ass'n* v. *Ocean Accident & Guarantee Corp., Ltd.,* 274 Mich. 470.

Appellant to some extent relies upon the presumption that the guaranty instrument was delivered at the same time it was signed by him, Sunday, May 1, 1927. On the other hand plaintiff seeks to rely upon the presumption that the guaranty instrument was delivered on the day it was dated, May 5, 1927. In the light of facts and circumstances disclosed by the testimony neither of these presumptions is controlling. After testimony is adduced tending to overcome a presumption, it ceases to have probative force. *Rasmussen* v. *McEachron,* 274 Mich. 200; *Patt* v. *Dilley,* 273 Mich. 601.

As above noted, at the time appellant affixed his signature none of the other parties had executed the

lease.  At that time there existed no obligation the performance of which could be guaranteed by appellant.  He clearly knew that the execution of the lease on a subsequent day was contemplated, and that his guaranty would not become effective until the lease was signed and delivered.  A reverse of the facts in the instant case would have been presented if appellant had signed on a secular day, but on a subsequent Sunday the lessor and lessee had signed and delivered the duplicate leases.  In that event no one would have been bound.  Appellant would have been released because the contemplated contract would not have been legally consummated.  In view of the circumstances under which appellant signed the guaranty, its delivery at a subsequent date (when the lease was actually executed) must have been contemplated and understood by him.  He is bound by its delivery in connection with the delivery of the executed lease on May 5, 1927.

Appellant complains that the circuit judge held certain testimony of defendant Sternburg offered in behalf of the defendant Northquist was incompetent as being equally within the knowledge of the deceased.  3 Comp. Laws 1929, § 14219.  This testimony was taken under Court Rule No. 37, § 11 (1933), and is included in the record on appeal.  Appellant claims that this testimony should not have been excluded by the circuit judge on the ground that it was equally within the knowledge of plaintiff's decedent, because it was of no financial advantage to Sternburg to have appellant released from liability upon the guaranty.  In other words, appellant asserts that because Sternburg had no financial or material interests which were adverse to those of plaintiff, it was error to hold Sternburg was an "opposite party" within the cited statute.  We do

not pass specifically upon this contention because we are of the opinion that if the testimony were considered admissible it would not defeat recovery by plaintiff.

Appellant also urges laches as a defense. This claim is made on the basis of the fact that appellant was not notified by plaintiff that Sternburg was in default until a year or more after Sternburg began to be in arrears in paying rent, and that at that time Sternburg, if he had been requested by Northquist, was both able and willing to have secured Northquist against loss by reason of being required to make payments under his guaranty. An obvious reason why this defense of laches cannot be successfully made is that appellant by the very terms of the guaranty which he signed did so "without requiring notice or proof of the demand being made" in case of nonpayment of rent. Because of the terms of the guaranty instrument the defense of laches short of the statute of limitations is not available.

Judgment entered in the circuit court is affirmed. Costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.