GOLDBERG v. MITCHELL.

1. EVIDENCE—DATES—PRESUMPTION OF EXECUTION.
   An instrument dated on a secular day is presumed to have been executed on that date.

2. SAME—PRESUMPTIONS—INTRODUCTION OF TESTIMONY.
   After testimony is adduced tending to overcome a presumption of evidence, it ceases to have probative force.

3. SAME—PRESUMPTIONS—EXECUTION OF CONTRACTS—DATE.
   The presumption that an agreement was entered into on the secular day appearing on the instrument may be overcome by testimony.

4. SPECIFIC PERFORMANCE—SUNDAY—EVIDENCE.
   In suit for specific performance of a land contract, evidence *held*, to justify trial judge's conclusion that transaction actually took place and contract was signed on a Sunday.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am. Jur., Evidence, § 239.
[2] 20 Am. Jur., Evidence, § 166.
[3] 20 Am. Jur., Evidence, § 239.
[5] 50 Am. Jur., Sundays and Holidays, §§ 43, 46; 55 Am. Jur., Vendor and Purchaser, § 47.
[5] Ratification of contract invalid because made on Sunday. 68 A.L.R. 1487.

5. SUNDAY—CONTRACTS—SPECIFIC PERFORMANCE—RATIFICATION.
    A land contract executed on Sunday is void, not specifically enforceable and cannot be ratified upon a secular day (2 Comp. Laws 1929, § 9078).

Appeal from Wayne; Webster (Arthur), J. Submitted October 5, 1948. (Docket No. 14, Calendar No. 44,108.) Decided November 12, 1948.

Bill by Louis Goldberg against Leslie L. Mitchell and wife for specific performance of contract to sell real estate. Decree for defendants. Plaintiff appeals. Affirmed.

*Earl D. Leader,* for plaintiff.

*Arthur Mitchell,* for defendants.

REID, J. This is a bill for specific performance of a land contract for the sale of real estate. The case was before this Court on a former occasion, at which time this Court considered the matter of the sufficiency of the contract sued on. See *Goldberg* v. *Mitchell,* 318 Mich. 281. By a divided court, the decision of the lower court sustaining the bill of complaint stood affirmed. The case then went to trial on bill and answer. The defendants raised the defense, among other things, that the contract in question was signed on Sunday. The contract sued on is as follows:

"Nov. 26, 1945.

"Received of Louis Goldberg,
    "Five Hundred ($500.00) deposit on the sale of our home, located at 18948 Wisconsin Avenue, Detroit, Mich. Balance $13,000.
                "(Signed) LESLIE L. MITCHELL
                "(Signed) MIRIAM MITCHELL
"Accepted:
"(Signed) LOUIS GOLDBERG."

Plaintiff Louis Goldberg swore as a witness that the transaction occurred on Monday, November 26, 1945, the date of the contract. He was to some extent corroborated by the testimony of his wife, Sarah Goldberg. Defendants claim the contract was signed on Sunday, November 25, 1945. The trial court properly held that the burden of proof was on the defendants to show that the signing of the contract occurred not on Monday, the date of the contract, but on Sunday.

In *Jackson City Bank & Trust Co.* v. *Sternburg,* 281 Mich. 313 (112 A.L.R. 1195), we said, page 317:

"The instrument was dated on a secular day; and when produced by plaintiff was presumed to have been executed on that date. *Maybury* v. *Berkery,* 102 Mich. 126; *McQuillan* v. *Eckerson,* 178 Mich. 281."

In the *Jackson Case, supra,* we said, page 320:

"After testimony is adduced tending to overcome a presumption, it ceases to have probative force. *Rasmussen* v. *McEachron,* 274 Mich. 200; *Patt* v. *Dilley,* 273 Mich. 601."

It is obvious, therefore, that the presumption that the agreement was entered into on the same day appearing on the instrument may be overcome by testimony.

Defendants' married daughter, Thelma Fields, gave testimony, in considerable detail, concerning the signing of the paper relating to the transaction in question. Her testimony was that the transaction occurred on Sunday afternoon, November 25, 1945. The two defendants, also sworn as witnesses, testified to the fact that the transaction occurred on November 25, 1945, and gave details concerning it. As to the date, they were corroborated by two disinterested witnesses, Dr. Morris Schiff and his wife, Mrs. Olga Schiff.

The controversy in this case is principally factual. The trial court had an abundant opportunity to observe at first hand the whole matter of the giving of the testimony in person by plaintiff's witnesses and the five witnesses for defendants. His conclusion was that the transaction actually took place and the signing of the contract sued on actually occurred on Sunday, November 25, 1945. In that conclusion we concur. It follows that the contract sued on is void under our statute, 2 Comp. Laws 1929, § 9078 (Stat. Ann. § 18.851), which is as follows:

"No person shall keep open his shop, warehouse, or workhouse, or shall do any manner of labor, business, or work, or be present at any dancing, or at any public diversion, show, or entertainment, or take part in any sport, game, or play on the first day of the week. The foregoing provisions shall not apply to works of necessity and charity, nor to the making of mutual promises of marriage, nor to the solemnization of marriages. And every person so offending shall be punished by fine not exceeding ten dollars for each offense."

"It is not disputed that this contract was in fact made upon Sunday, though dated upon the Saturday preceding. Such a contract is void   *   *   *   and cannot be ratified upon a secular day. *Benedict* v. *Bachelder,* 24 Mich. 425 (9 Am. Rep. 130); *Pillen* v. *Erickson,* 125 Mich. 68; *Acme Electrical Illustrating & Advertising Co.* v. *Van Derbeck,* 127 Mich. 341 (89 Am. St. Rep. 476)." *Berston* v. *Gilbert,* 180 Mich. 638, 640.

"The contract being a Sunday contract was not voidable merely but was absolutely void; it was not and could not be ratified." *Dabits* v. *Hauser,* 210 Mich. 414, 417.

In the case of *Silver* v. *Shulman,* 213 Mich. 211, a preliminary contract for the sale of an apartment building was dated April 5, 1919 (a Saturday) but

testimony showed that it was in fact signed on Sunday, April 6, 1919. This Court said on page 213:

"After giving all the testimony due consideration, we feel constrained to hold that the evidence tending to show that the writing was signed on Sunday predominates. It was therefore void, could not be ratified, and cannot be enforced."

The decree appealed from is affirmed. Costs to the defendants.

Bushnell, C. J., and Sharpe, Boyles, Dethmers, Butzel, and Carr, JJ., concurred with Reid, J. North, J., concurred in the result.