ZITOMER *v.* KELMENSON.

OPINION OF THE COURT.

1. APPEAL AND ERROR—SPECIFIC PERFORMANCE—FINDINGS OF FACT—
EVIDENCE.

Findings of fact to the extent made by the trial judge in a suit
for specific performance are sustained by the Supreme Court,
where within the range of testimony, since he had the advantage
of observing the witnesses and assessing their credibility.

2. SUNDAY—EXECUTION OF INSTRUMENTS—CONSUMMATION ON SECU-
LAR DAY.

Fact that option for purchase of corporate stock, which agreement
referred to an irrevocable proxy and a stock assignment, was
executed on Sunday would not render it invalid, where it was
not fully effective until the signing of the other instruments
therein referred to and which were dated on a secular day
(CL 1948, § 435.1).

3. SAME—VOID CONTRACT—RATIFICATION.

A contract that is consummated by execution and delivery on a
Sunday is wholly void and may not be ratified by subsequent
action of the parties (CL 1948, § 435.1).

4. SPECIFIC PERFORMANCE—REMAND—SUNDAY—ADDITIONAL FINDING
—OPTION TO PURCHASE STOCK.

Remand of suit for specific performance of an alleged option for
the purchase of corporate stock, which was executed on Sunday,
is ordered for purpose of taking additional testimony and de-
termining date of execution of irrevocable proxy and stock

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 839.
[2, 4, 6, 7] 50 Am Jur, Sundays and Holidays §§ 43, 44.
[3] 50 Am Jur, Sundays and Holidays §§ 46, 47.
Ratification of contract invalid because made on Sunday.  68 ALR
1487.
[5] 14 Am Jur, Costs § 95.

assignment, which were referred to in the option and were necessary to make the option fully effective, as well as to make a finding as to the adequacy of tender made at time plaintiff sought to exercise his option (CL 1948, § 435.1).

5. COSTS—REMAND FOR ADDITIONAL FINDINGS.
Costs of the Supreme Court are ordered to abide final result in suit for specific performance of an option to purchase corporate stock, where suit is remanded to circuit court for taking additional testimony and making additional finding as to date when instruments essential to Sunday-executed option were executed, and a finding as to adequacy of tender made when plaintiff sought to exercise his option (CL 1948, § 435.1).

SEPARATE OPINION.

T. M. KAVANAGH, C. J., and BLACK and SOURIS, JJ.

6. SUNDAY—EXECUTION OF INSTRUMENTS—CONSUMMATION ON SECULAR DAY.
*Fact that option for purchase of corporate stock, which agreement referred to an irrevocable proxy and a stock assignment, was executed on Sunday would not render it invalid, where it was not fully effective until the signing of the other instruments therein referred to and which were executed on a secular day (CL 1948, § 435.1).*

7. SPECIFIC PERFORMANCE—REMAND—SUNDAY—PURCHASE OF STOCK —EXECUTION OF INSTRUMENTS.
*Remand of suit for specific performance of an alleged option for the purchase of corporate stock, which was executed on Sunday, is ordered for the purpose of entry of judgment for plaintiff, where the option was not fully effective until the signing of other instruments therein referred to and, there being no proof that execution of such additional instruments took place on a Sunday, they are presumptively valid as against claim that they, too, were executed in violation of the Sunday statute then in effect (CL 1948, § 435.1).*

Appeal from Wayne; Fitzgerald (Neal), J.   Submitted February 3, 1965.   (Calendar No. 30, Docket No. 50,475.)   Decided April 9, 1965.

Bill by Joseph Zitomer against Victor A. Kelmenson and Detroit Bank & Trust Company, a national

banking corporation, for specific performance of an agreement, dated February 2, 1959, to transfer shares of stock to plaintiff. Judgment for defendant Kelmenson. Reversed and remanded for further proceedings.

*Lewis Daniels* and *James M. Wienner,* for plaintiff.

*Theodore Masserman* and *Avery Weiswasser* (*D. S. Abrams,* of counsel), for defendant Kelmenson.

O'HARA, J. This case concerns a contract between defendant Kelmenson,[1] one of a number of doctors of medicine, and plaintiff, an experienced and apparently successful businessman.

The contract (it is titled "agreement") is an option for the purchase of stock in a company called General Capsule Corporation. The company was formed by a number of doctors of medicine and some other nonmedical incorporators. Its purpose was to manufacture capsule containers adaptable to pharmaceuticals and other ingestible products. The company was singularly unsuccessful.

Plaintiff, in some manner not clear, was asked to become interested in, or by himself became interested in its management. The contract in question accorded him fixed-price stock purchase rights in return for financing and managerial services. He contributed some financing and did manage the company for 2 years or so, drawing no salary but taking stock in lieu thereof. His direct efforts were of no avail, but by effecting a merger of the virtually defunct corporation with a highly successful business owned by him and members of his family, he

---

[1] Defendant bank is an escrow agent. Its interest is only to obtain judicial finality as to delivery of the escrowed stock.

was able to give substantial value to the theretofore worthless stock. He sought to exercise his option. The optioners, at least defendant here, refused his tender[2] and would not authorize transfer of the escrowed stock. He brought an action of specific performance to compel its delivery to him and to enjoin its return to defendant Kelmenson by defendant bank. At this point defendant Kelmenson raised the defense of Sunday contract.[3]

The chancellor heard the witnesses and arguments of counsel. At their conclusion, without written opinion, he held:

"I am going to find it [the agreement] was signed on Sunday. I think it was. I am going to find as a matter of fact that the testimony to me is more credible that it was signed on Sunday.  *  *  * The contract is therefore illegal, and I am going to enter judgment for the defendant.

"I will add that  *  *  * plaintiff did some good work for this corporation, and the defendant is welshing on the deal,—but that is his business.  *  *  * No. I don't want to hear anything more about it.  *  *  *  *If the thing is done on Sunday it is no good.*" (Emphasis supplied.)

We do not undertake to substitute our judgment for that of the able and experienced trial judge, who had the advantage of observing the witnesses and assessing their credibility. His finding of fact was within the range of testimony. To the extent he made findings of fact, we sustain him.

However, his finding is limited to the *fact of signing of the "thing"* and that *it* was done on Sunday.

---

[2] A question of the sufficiency of the tender was raised but was not passed on by the chancellor.

[3] CL 1948, § 435.1 (Stat Ann 1957 Rev § 18.851), as applicable to this case, an alleged contract of 1959 being involved. See PA 1962, No 127 (CL 1948, § 435.11 *et seq.* [Stat Ann 1963 Cum Supp § 18.848 *et seq.*]) for enactment of new Sunday law and repeal of statute here under consideration.

This finding is not conclusive of the full question before us. No finding is made as to whether the contract was fully consummated on the Sabbath day.

The agreement which the chancellor found to have been executed on Sunday, February 1st, was dated Monday, February 2d. As noted by Judge Fitzgerald, the post-dating of the agreement to the following secular day is not unknown, particularly in the case of contracts drawn by attorneys aware of the infirmity of Sunday execution.

There is, however, one vital point on which the judge made no finding of fact. The agreement itself made reference to other documents, the execution of which was requisite to the effectiveness of the whole agreement. The Sunday-executed instrument which accorded plaintiff the right to purchase certain stock at a fixed price and which obligated him to "secure * * * adequate financing" and further obligated him to "take over active management and operation of the * * * corporation" contained this language:

"Seller * * * further agrees that he *will* execute an irrevocable proxy for said period of three (3) years,"

and

"*will* deposit all his stock in escrow * * * *together with a stock power.*" (Emphasis supplied.)

Both of these instruments required signing by defendant Kelmenson.

The irrevocable proxy and the stock assignment separate from certificate were *dated February 12,* a subsequent secular day. The testimony as to what day these instruments were actually executed is not only in dispute, but under defendant's own testimony is uncertain. He testified:

"*Q.* Well, you state here that the proxy agreements were submitted to you on that Sunday morning. Were they? * * *

"*A.* I said I cannot give you a positive recollection about the proxy statements or any of the other papers that were signed. *I believe now that they were signed later.*" (Emphasis supplied.)

The Sunday-executed instrument was by its own terms incomplete. Obviously, plaintiff could not perform his contractual obligations until all of the conditions under which he was to assume them under the agreement were fulfilled, and until defendant had actually done what he agreed he would do under the terms of the agreement proper. To make a complete contract execution of the 2 instruments referred to in the agreement was essential. We decline to determine when these instruments were in fact executed. While on this hearing *de novo* we might do so, we think this better left to chancellor, who can take such additional testimony as may be indicated and assess its credibility. We think the question here, if not controlled by, is at least in substantial measure affected by our holding in *Jackson City Bank & Trust Co.* v. *Sternburg,* 281 Mich 313 (112 ALR 1195). There, it was said at p 319:

" 'It is also well settled that if some steps are taken toward the execution of a contract on the Sabbath day, but it is not fully consummated until a secular day, such contract is not in contravention of the statute.' * * * *City of Evansville* v. *Morris,* 87 Ind 269, 274 (44 Am Rep 763, 767)."

Care must be exercised to distinguish between the question here presented, namely, whether the total undertaking of the parties contractually was consummated in contravention of statute, and those cases in which a void contract fully executed and delivered on Sunday is sought to be *ratified* by sub-

sequent actions of the parties. Under our settled law, the latter may not take place. See *Rott* v. *Goldman*, 236 Mich 261, 263.

In order here fully to determine the equities within the applicable law, we think the finding of the date of execution of the additional instruments referred to in the option-agreement should be made. For want of this express finding on full consummation, we are constrained to reverse and remand. We suggest that in view of this holding, the chancellor also address himself to the question of the adequacy of the tender made at the time plaintiff sought to exercise his option.

For the reasons herein set forth, the order denying the motion for a rehearing and the judgment entered in the circuit court are vacated. The case is remanded for further proceedings. Costs of this Court will abide final adjudication of the issues.

DETHMERS, KELLY, SMITH, and ADAMS, JJ., concurred with O'HARA, J.

BLACK, J. (*for remand for entry of judgment*). This is an equity action for specific performance. On review we decide anew and *de novo,* on the record the parties have agreeably made in the circuit court.

The sole issue brought up is whether, in view of Judge Fitzgerald's finding that the "agreement" dated February 2d was executed on a Sunday, a valid contract between the parties came into being. Justice O'HARA has resolved that question, soundly as I read his opinion, by holding that the "agreement" thus dated did not by itself effect a contract and that it contemplated additional things to be done; which things later were done.

Such holding calls for outright reversal of the circuit court's decretal judgment and remand of the

original record for entry of judgment in accordance with the prayer of plaintiff's complaint, rather than remand for further findings.

There is no proof in the record on strength of which we might find, independently, that all of the contractual undertakings of the parties were concluded on two Sundays or a series of Sundays. Nor does any brief pose question or present argument that the additional or supplementing instruments were executed on a Sunday or Sundays.

The "additional instruments" as later executed are presumptively valid, certainly as against any claim defendant might have made that they too were executed in violation of the Sunday statute which was then in effect (CL 1948, § 435.1 [Stat Ann 1957 Rev § 18.851]). For the presumption, see *Kling* v. *Fries,* 33 Mich 275, and cases therein cited.

I would reverse and remand, as indicated above, with costs to plaintiff.

T. M. Kavanagh, C. J., and Souris, J., concurred with Black, J.