### CIMINI *v.* LANDMESSER

ACCORD AND SATISFACTION — UNLIQUIDATED CLAIM — ACCEPTANCE OF MONEY.

> Finding by trial court that there was an accord and satisfaction was not clearly erroneous where plaintiff employee of business broker accepted and cashed a check for $2500 from the broker "in full cancellation of listing" on business which was later bought by a purchaser located by plaintiff during the term of the listing, and broker received no commission for sale but accepted $15,000 from seller for cancellation of listing agreement and reimbursement for broker's efforts during the listing, because plaintiff's claim, if he had any, was unliquidated when he accepted the money.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 January 8, 1969, at Lansing. (Docket No. 3,877.) Decided February 25, 1969.

Complaint by George T. Cimini, Jr., against John A. Landmesser and Michigan Business Sales Corporation, a Michigan corporation, for payment of a real estate brokerage commission. Judgment for defendants. Plaintiff appeals. Affirmed.

*Donald W. Sargent* and *Leonard L. Lubnik,* for plaintiff.

*Clarence L. Smith,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
1 Am Jur 2d, Accord and Satisfaction §§ 4, 11, 33, 56,

BEFORE: Quinn, P. J., and McGregor and V. J. Brennan, JJ.

Quinn, P. J. On a theory of conspiracy and fraud, plaintiff brought this action against Landmesser, Michigan Business Sales, Thomas Die and Stamping Co., Inc., (now Galbour, Inc.) and 2 officers of the latter to recover an alleged sales commission due plaintiff.

In September of 1963, plaintiff was employed as a salesman for Michigan Business Sales, a broker. Landmesser was the resident agent of Michigan Business Sales. May 26, 1964, Thomas Die and Stamping listed its industrial property for sale with Michigan Business Sales for a term of 4 months at a price of $360,000. The listing was not procured by plaintiff, and it provided for a 10% commission to the broker if the property was sold during the term of the listing. A similar commission was payable if the property was sold within 1 year to anyone with whom the broker had negotiated.

Plaintiff was to receive a commission, the amount of which is disputed, on sales produced through his efforts. In July 1964, plaintiff found a prospective buyer for the Thomas property and negotiations for sale commenced. The negotiations continued but no sale was consummated during the term of the listing, which expired September 26, 1964.

October 2, 1964, at the instance of the seller, the broker and seller entered into a written agreement under which seller paid the broker $15,000 for cancellation of the listing agreement and to reimburse broker for its work and efforts in attempting to sell the property. Plaintiff contends this agreement was the culmination of a conspiracy by Landmesser, the broker, the seller and its 2 named officers to defraud plaintiff of his commission.

October 3, 1964, Landmesser gave plaintiff a check for $2,500 on which was typed "In full cancellation of listing on Thomas". After some argument, during which Landmesser refused to divulge how much was paid the broker by the seller, plaintiff took the check and later cashed it on advice of counsel.

January 10, 1965, seller did close a sale with the purchaser located by plaintiff.

On motion at the close of plaintiff's proofs, the court dismissed the action as to the seller and its 2 officers. This action was taken because plaintiff had failed to prove a cause of action against them. The court found no fraud, actual or constructive, had been proved between the broker and these 3 defendants. This ruling and this finding have not been appealed. By implication, this ruling and this finding established that the contract of October 2, 1964 between the broker and seller was valid and for the purpose expressed in it rather than the purpose contended for by plaintiff.

At the close of proofs, the trial court found there was no fraud between Landmesser and plaintiff, and that Landmesser had not misinformed plaintiff, although Landmesser refused to tell plaintiff the amount received from the seller. The trial court further found that plaintiff's acceptance of $2,500 on an unliquidated obligation constituted an accord and satisfaction and dismissed his action.

No sale was produced by plaintiff or broker and the latter was not paid a commission. If plaintiff had a claim against the broker, a point we need not decide, it was unliquidated. The trial court's finding of accord and satisfaction is not clearly erroneous. GCR 1963, 517.1.

Affirmed, with costs to defendants.

All concurred.