MERIT INDUSTRIES, INC. *v.* AUTOMOTIVE
REPLACEMENT PARTS CO., INC.

CONTRACTS—TIME FOR PAYMENT—ORAL EXTENSION—FINDINGS.

Finding in an action on an account that there had been an oral extension of the time within which payments could be made at a discount was not clearly erroneous, where plaintiff distributor and defendant wholesaler had had extensive dealings over a long period of time, the wholesaler's representative denied the distributor's allegation of a strict 90-day plus 5-day grace period time limit and asserted that it had been orally agreed that payment within 6 months was timely, and the distributor's credit manager acknowledged that in some instances discounts had been granted, even though payment was after both the required 90 days and the 5-day grace period (GCR 1963, 517.1).

Appeal from Common Pleas Court of Detroit, George D. Kent, J.  Submitted Division 1 June 12, 1969, at Detroit.  (Docket No. 5,640.)  Decided October 27, 1969.

Complaint by Merit Industries, Inc., a California corporation, against Automotive Replacement Parts Co., Inc., a Michigan corporation, for money owed on account.  Judgment for defendant.  Plaintiff appeals.  Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

40 Am Jur, Payment § 11.

17 Am Jur 2d, Contracts § 471.

Consideration for subsequent agreement extending time of payment.  85 ALR 327.

*Kenney, Kenney, Chapman & Prather* (*John A. Cook,* of counsel), for plaintiff.

*Katz & Victor,* for defendant.

Before: Fitzgerald, P. J., and Levin and T. M. Burns, JJ.

Per Curiam. Plaintiff, a nationwide distributor of automotive parts, instituted suit against defendant, a Michigan wholesaler, in the common pleas court of the city of Detroit. Plaintiff alleged that discounts taken by defendant were improper because the payments were not made within the specified time, which the plaintiff claims was 90 days plus 5 days' grace period. Defendant answered that there had been an oral extension of the time within which payments could be made. The plaintiff appeals from a decision by the trial court which sat without a jury.

On appeal plaintiff raises in reality only one issue, sufficiency of evidence, but characterizes it as three issues: whether there was sufficient evidence to support a finding and whether the trial court made proper findings of fact. See GCR 1963, 517.1.

There was testimony in the record upon which the trial court could have found an oral modification. The trial court having had the opportunity to observe the witness (and be persuaded thereby), we may not set aside its findings unless they are clearly erroneous. GCR 1963, 517.1; *Zitomer* v. *Kelmenson* (1965), 375 Mich 206, 209; *Keller* v. *Paulos Land Company* (1966), 5 Mich App 246, 254, 255, *aff'd.* 381 Mich 355.

Unlike *Patton* v. *Oakman* (1941), 298 Mich 672, which is relied on by the plaintiff, where the Court found (pp 699, 700) that the testimony was "* * * so highly improbable and fantastic, that it [was]

impossible for [them] to give credence thereto", here there was adequate basis for the findings of fact made by the trial judge. The parties had had extensive dealings over a long period of time. At trial the defendant's representative denied the plaintiff's allegation of a strict 90-day plus 5-day grace period time limit, and asserted that it had been orally agreed that payment within 6 months was timely. Additionally, the plaintiff's credit manager acknowledged that in some instances discounts had been granted, even though payment was after both the required 90 days and the 5-day grace period.

We have concluded from our examination of the record that the trial court's findings were not "clearly erroneous" under GCR 1963, 517.1. See *Cimini v. Landmesser* (1969), 16 Mich App 73.

Affirmed. Costs to appellee.